IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALJAMID BROWN-BREMER : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 22-202 |
| PLEASANT VALLEY MANOR SKILLED : | |
| NURSING HOME : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                **MAY 20, 2022**

This matter arises as a result of alleged race, color, and national origin discrimination against Plaintiff Aljamid Brown-Bremer by her former employer, Defendant Pleasant Valley Manor Skilled Nursing Home. There are several motions pending in this action. We will first address Defendant's Motion to Dismiss. Defendant moves to dismiss Plaintiff's Complaint, alleging that it is time barred because Plaintiff did not file within the allotted 90-day window after she received her Right to Sue Letter from the EEOC. This is correct. Moreover, there is no equitable basis for tolling. Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint will be granted, and the case will be closed. All other motions pending in this matter are denied as moot.

**I.      BACKGROUND**

In her *pro se* Complaint, Plaintiff alleges a single count of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Plaintiff primarily alleges that she was wrongfully terminated and discriminated against by Defendant, her employer, due to her race (African American), color (Black), and national origin (Jamaican). She also alleges a failure to stop harassment and retaliation by her employer. These

discriminatory acts allegedly occurred on July 1, 2020.  Plaintiff seeks damages, injunctive relief, reemployment, and that Defendant be directed to accommodate immigrants and people of color.

Plaintiff has exhausted her administrative remedies by filing a charge with the EEOC.  She admits to receiving a Right to Sue Letter from the EEOC on September 17, 2021.  She thereafter filed this action, *pro se*, on January 18, 2022.  On that day she also filed a Motion to Appoint Counsel.  (ECF No. 3.)  Defendant filed the instant Motion to Dismiss on March 15, 2022.  (ECF No. 8.)  Thereafter, Plaintiff filed a Motion to Change Jurisdiction/Venue.  (ECF Nos. 9-10.)  Plaintiff also filed a Response in Opposition to Defendant's Motion to Dismiss and a Motion to Oppose Defendant's Request to Dismiss the Case.  (ECF Nos. 11, 14.)

## II.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'"  *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A complaint has facial plausibility when there is enough factual content 'that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  When considering a motion to dismiss, the Court must accept as true all factual allegations in the plaintiff's complaint and construe the facts alleged in the light most favorable to the plaintiff.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed.  *See id*. at 211.  Courts need not accept "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556).

### III.  DISCUSSION

Defendant argues that Plaintiff's case should be dismissed for two reasons: (1) it is time barred by the statute of limitations, and (2) Plaintiff's Complaint was filed in the wrong venue. We conclude that Plaintiff's claim is time-barred. Therefore, we need not address the venue argument.

When filing suit under Title VII, a plaintiff must first exhaust her administrative remedies by filing a charge with the EEOC within 180 days of the alleged discriminatory act. 29 U.S.C. § 626(d). In order to be timely, a private action must then be filed within 90 days after the EEOC issues a Right to Sue Letter to the claimant. 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1); *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). These filing periods are treated as statutes of limitations. *Burgh*, 251 F.3d at 470. The 90-day filing limitation begins to run upon receipt of the Right to Sue Letter. *Id*. This 90-day limitation is "strictly construed" and, absent of some equitable basis for tolling of the time period, "a civil suit filed even one day late is time-barred and may be dismissed." *Id*.

Here, Plaintiff admits to receiving her Right to Sue Letter on September 17, 2021. Therefore, the deadline for the filing of this action was December 16, 2021. Plaintiff did not file this action until January 18, 2022, more than a month after the deadline. In her opposition to this

Motion, Plaintiff argues that the Court should grant her an "extension" based upon hardships she was enduring in her life during the time when she received the Letter. The only instance in which an extension of time may be granted to the 90-day limitation is if there is an "equitable basis for tolling." *Id*.

The Third Circuit has held that the following circumstances merit equitable tolling: when a claimant received inadequate notice of her right to file suit, where the court has misled the plaintiff into believing that she had done everything required of her, where a motion to appoint counsel is pending, where the defendant has actively misled the plaintiff, when the plaintiff timely asserted her rights in the wrong forum, and where the plaintiff "in some extraordinary way" has been prevented from asserting her rights. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 164 F.3d 236, 240 (3d Cir. 1999). None of these applies to the Plaintiff here.[1] Plaintiff asserts that when she received her Right to Sue Letter, she was adjusting to her four children going back to school after COVID-19 virtual learning, including dealing with the mask mandates and school policies, as a single mother. She also alleges she was planning a memorial service in Jamaica for her mother who passed in March of 2020. While we are sympathetic to Plaintiff's situation, this alone does not amount to any "extraordinary" circumstance which would have prevented her from asserting her rights. *See Rockmore v. Harrisburg Prop. Serv.*, 501 F. App'x 161, 164 (3d Cir. 2012) (per curiam) ("We may be sympathetic with Rockmore's situation, but we are bound

---

[1] One of the instances in which equitable tolling may be appropriate is where a plaintiff has a pending motion for appointment of counsel. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984); *Seitzinger*, 164 F.3d at 240. Here, however, Plaintiff filed a Motion to Appoint Counsel on the same day that she filed her Complaint—after the expiration of the 90-day limitation period. Therefore, Plaintiff's Motion to Appoint Counsel does not toll the limitations period here. *See, e.g.*, *Brandon v. House*, No. 19-5702, 2019 U.S. Dist. LEXIS 212249 (E.D. Pa. Dec. 10, 2019) (noting that plaintiff's Motion to Appoint Counsel did not equitably toll the limitations period because it was filed the same day as the Complaint and after the 90-day period expired).

by the strict procedural requirements established by Congress, which are not to be disregarded by courts out of a vague sympathy for particular litigants.").

We find no equitable reason to toll the statute of limitations.  Therefore, this action is time barred and must be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted and the clerk of Court will be directed to mark this case closed.   All other motions pending in this matter are denied as moot.  An appropriate Order follows.

**BY THE COURT:**

  _/s/ R. Barclay Surrick_
**R. BARCLAY SURRICK, J.**